**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO. 2:26-cv-02441**

JOHN WAGGENER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GLOBE LIFE INC.,

Defendant.
_______________________________________/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff, John Waggener, brings this class action against Defendant Globe Life Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action brought under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

2. Defendant provides life insurance, supplemental health insurance, and Medicare supplement products through direct-to-consumer online channels, mail, and local agents.[1]

3. To promote its goods and services, Defendant engages in unsolicited text messaging and continues to text message and call consumers after they have opted out of Defendant's solicitations. Defendant also engages in telemarketing without the required policies and procedures, and training of its personnel engaged in telemarketing.

---

[1] https://home.globelifeinsurance.com/ (last visited August 19, 2026).

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the intrusion upon seclusion, invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff and the members of the Classes. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Classes, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

5. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a Florida class and Defendant is a foreign corporation with its principal place of business located in Texas. Thus, complete diversity exists between the Class members and Defendant. The proposed Classes contain more than 100 members, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

6. Plaintiff seeks $1,500.00 in damages for each text sent to Plaintiff and the Class members in violation of the FTSA. Plaintiff alleges that Defendant continued sending promotional text messages after consumers replied "stop" or otherwise communicated that they no longer wished to receive such messages, thereby placing treble damages in controversy. Plaintiff received at least **six** text messages in violation of the FTSA for a total of at least $**3,000.00** in statutory damages.

7. Plaintiff therefore alleges that the proposed Classes number in the thousands, that minimal diversity exists, and that the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

8. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District like Plaintiff.

## PARTIES

9. Plaintiff is a natural person entitled to bring this action under the FTSA, and a citizen and resident of Lee County, Florida.

10. Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that Plaintiff was the regular user of the telephone number that received Defendant's telephonic sales calls as defined by Fla. Stat. § 501.059(1)(j).

11. Defendant is a Delaware corporation with its principal place of business in Collin County, Texas and a "telephone solicitor" as defined by Fla. Stat. § 501.059(1)(i).

12. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

13. On or about June 5, 2026, at 2:12 PM; June 9, 2026, at 9:09 PM; June 16, 2026, at 7:27 PM; June 23, 2026, at 1:13 PM; July 1, 2026, before 1:41 PM; and July 3, 2026, at 1:50 PM, Plaintiff requested to opt-out of Defendant's text messages by replying with "Stop" instructions as reflected by the following:


3:46 76°
5GUC 71%
1
Friday, Jun 5 • 2:12 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home from work? Thank you, TINA MODERSON
Contact me at 3215363240
STOP
Tuesday, Jun 9 • 7:02 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home from work? Thank you, JT TUINEI
Contact me at 850-554-
Text message


3:46 76°
5GUC 71%
1
7:02 PM
Tuesday, Jun 9 • 9:09 PM
STOP
Friday, Jun 12 • 3:46 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home from work? Thank you, PATRICE PARKER
Contact me at 850-601-1863
Fucking STOP
Tuesday, Jun 16 • 4:49 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd
Text message


3:46 76° 5G UC 71%
1
Tuesday, Jun 16 • 4:49 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home from work? Thank you, DERRIC COHEN
Contact me at 7862344452
Tuesday, Jun 16 • 7:27 PM
STOP
Tuesday, Jun 23 • 1:13 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home from work? Thank you, DERRIC
Text message


3:47 76° 5G UC 71%
1
Tuesday, Jun 23 • 1:13 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home from work? Thank you, DERRIC COHEN
Contact me at 7862344452
STOP
Wednesday • 6:49 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home from work? Thank you, TIMOTHY COHEE
Contact me at 727-565-6520
Text message


6:56 78° 69%
97600
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home from work? Thank you, DERRIC COHEN
Contact me at 7862344452
STOP
Unread
6:49 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home from work? Thank you, TIMOTHY COHEE
Contact me at 727-565-6520
6:49 PM
STOP
SMS


5:20 87° 86%
1
STOP
Wednesday, Jul 1 • 6:49 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home from work? Thank you, TIMOTHY COHEE
Contact me at 727-565-6520
STOP
Friday, Jul 3 • 1:41 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home
Text message




14. Defendant ignored Plaintiff's request and continued text messaging Plaintiff, including on or about June 16, 2026, at 4:49 PM; June 23, 2026, at 1:13 PM; July 1, 2026, at 6:49 PM; July 1, 2026, at 6:49 PM; July 3, 2026, at 1:41 PM; July 21, 2026, at 1:46 PM, as reflected by the following:


3:46 76°
71%
1
Tuesday, Jun 16 • 4:49 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home from work? Thank you, DERRIC COHEN
Contact me at 7862344452
Tuesday, Jun 16 • 7:27 PM
STOP
Tuesday, Jun 23 • 1:13 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you g home from work? Thank you, ERRIC
Text message


3:47 76°
71%
1
Tuesday, Jun 23 • 1:13 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home from work? Thank you, DERRIC COHEN
Contact me at 7862344452
STOP
Wednesday • 6:49 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home from work? Thank you, TIMOTHY COHEE
Contact me at 727-565-6520
Text message


6:56 78° 69%
97600
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home from work? Thank you, DERRIC COHEN
Contact me at 7862344452
STOP
Unread
6:49 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home from work? Thank you, TIMOTHY COHEE
Contact me at 727-565-6520
6:49 PM
STOP
SMS


5:20 87° 86%
1
STOP
Wednesday, Jul 1 • 6:49 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home from work? Thank you, TIMOTHY COHEE
Contact me at 727-565-6520
STOP
Friday, Jul 3 • 1:41 PM
Hi JOHN,
We have received your request for service through Globe Life-American Income Division. I'd like to set a time to review your needs and how I can help. I'm available today. What's your availability when you get home
Text message




15. As demonstrated by the above, the purpose of Defendant's text messages was to solicit the sale of consumer goods and/or services.

16. As demonstrated by the above, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's property, goods, and/or services.

17. As demonstrated by the above, Defendant does not honor consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by responding with Defendant's required "stop" instruction, but Defendant continued to

text message Plaintiff.

18. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted adequate procedures for maintaining a list of persons who request not to receive text messages from Defendant. The precise details regarding its lack of requisite policies and procedures are solely within Defendant's knowledge and control.

19. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

20. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not maintain an adequate standalone do-not-call list. The precise details regarding its procedures, practices, and the existence or maintenance of any internal do-not-call list are solely within Defendant's knowledge and control.

21. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made repeated opt-out requests and those requests were never processed; they were ignored by Defendant and its employees and Defendant continued to send text messages.

22. Defendant sent at least one solicitation more than fifteen (15) days after Plaintiff's initial opt-out request.

23. Plaintiff is the regular user of the telephone number that received the above text message solicitations.

24. Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to text message logs showing Plaintiff's and the Class members' inbound

opt-out requests.

25. To send the text messages, Defendant used a messaging platform (the "Platform"), which permitted Defendant to transmit blasts of text messages automatically and without any human involvement. The Platform automatically made a series of calls to Plaintiff's and the Class members' stored telephone numbers with no human involvement after the series of calls were initiated utilizing the Platform. Defendant's use of a generic text message (depicted above) further demonstrates that Defendant utilizes automated dialing systems to mass transmit solicitation texts to consumers.

26. The Platform has the capacity to select and dial numbers automatically from a list of numbers, which was in fact utilized by Defendant.

27. The Platform has the capacity to schedule the time and date for future transmission of text messages, which was in fact utilized by Defendant.

28. The Platform also has an auto-reply function that results in the automatic transmission of text messages.

29. Defendant would be able to send text messages to consumers without consent by utilizing a non-automated text messaging system.

30. Accordingly, it is not impossible for Defendant to comply with the FTSA in the context of transmitting text messages.

31. The burden and cost to Defendant of securing consent from consumers that complies with the FTSA is nominal.

32. Compliance with the FTSA will not result in Defendant having to cease its business operations.

33. Compliance with the FTSA will not result in Defendant having to alter the prices of any goods or services it provides in the marketplace.

34. Compliance with the FTSA will not force Defendant to seek regulatory approval from the State of Florida before undertaking any type of commercial transaction.

35. Defendant was not required to and did not need to utilize the Platform to send messages to Plaintiff and the Class members. Instead, Defendant opted to use the Platform to maximize the reach of its text message advertisements at a nominal cost to Defendant.

36. Defendant would be able to conduct its business operations without sending automated text messages to consumers.

37. Plaintiff and the Class members revoked any consent they may have previously provided to Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages.

38. Plaintiff and the Class members terminated any business relationship they may have previously had with Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages.

39. Plaintiff alleges Defendant's violations were willful or knowing because Defendant continued sending promotional texts after "stop" requests and unsubscribe confirmations.

40. Defendant's text messages caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ACTION ALLEGATIONS

### PROPOSED CLASSES

41. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

42. Plaintiff brings this case on behalf of the Classes defined as follows:

> **FTSA "STOP" Class: All persons in Florida who, since July 1, 2021 through the date of class certification, received one or more text messages, from or on behalf of Defendant, promoting or**

**advertising Defendant's goods or services, to said person's cellular telephone number, more than fifteen (15) days after communicating that they did not wish to receive text messages by replying to the messages with a "stop" or similar opt-out instruction.**

**<u>FTSA Autodialer Class</u>: All persons in Florida who, since July 1, 2021 through the date of class certification, received one or more text messages, from or on behalf of Defendant utilizing the Platform, promoting or advertising Defendant's goods or services, to said person's cellular telephone number, more than fifteen (15) days after communicating to Defendant that they did not wish to receive text messages by replying to the messages with a "stop" or similar opt-out instruction.**

43. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

44. Defendant and its employees or agents are excluded from the Classes.

<u>NUMEROSITY</u>

45. Plaintiff does not know the exact number of members of the Classes but is informed and believes that there are thousands of individuals that fall within the class definitions given Defendant's use of phone solicitations to consumers and refusal to honor stop requests. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

46. The exact number and identities of the members of the Classes are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

<u>COMMON QUESTIONS OF LAW AND FACT</u>

47. There are numerous questions of law and fact common to members of the Classes which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Classes are:

a. Whether Defendant sent text messages and/or calls to Plaintiff and the Class members;

b. Whether Defendant continued to send text message and/or calls after opt-out requests;

c. Whether Defendant failed to honor Plaintiff's and the Class members' opt-out requests;

d. Whether Defendant maintains an internal do-not-call list and instructs its employees on how to use the list; and

e. Whether Defendant is liable for damages, and the amount of such damages.

48. The common questions in this case are capable of having common answers, and Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

49. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

50. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. There are no conflicts of interest between Plaintiff and other Class members. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

51. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims

is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

52. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**<u>VIOLATION OF FLA. STAT. § 501.059(5)</u>**
**(On Behalf of Plaintiff and the FTSA "STOP" Class)**

53. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 52 as if fully set forth herein.

54. It is a violation of the FTSA to initiate an outbound telephone call, text message, or voicemail transmission to a consumer who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call, text message, or voicemail transmission made by or on behalf of the seller whose goods or services are being offered. Fla. Stat. § 501.059(5)(a).

55. Plaintiff and the FTSA "STOP" Class members made requests to Defendant not to receive telephone calls, text messages, and/or voicemail transmissions from Defendant.

56. Defendant failed to honor Plaintiff and the FTSA "STOP" Class members' requests.

57. In violation of the FTSA, Defendant made and/or knowingly allowed outbound telephone call, text message, and/or voicemail transmissions offering their goods or services to be sent to Plaintiff and FTSA "STOP" Class members, at least 15 days after they had previously communicated to Defendant that they did not wish to receive any more calls, text messages, or voicemails from Defendant.

58. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and the FTSA "STOP" Class members are each entitled to a minimum of $500.00 in damages for each violation.

59. Defendant willfully or knowingly violated the FTSA by continuing to text message Plaintiff and the FTSA "STOP" Class members after they asked Defendant to "stop" its solicitations.

60. Accordingly, pursuant to § 501.059(10)(b), Plaintiff, on behalf of Plaintiff and the FTSA "STOP" Class members, seeks $1,500 in damages for each willful and knowing violation of the FTSA.

61. Plaintiff and the FTSA "STOP" Class members are also entitled to an injunction against future telephonic sales calls.

62. Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

**COUNT II**
**VIOLATION OF FLA. STAT. § 501.059(8)(a)**
**(On Behalf of Plaintiff and the FTSA Autodialer Class)**

63. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 52 as if fully set forth herein.

64. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

65. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or

may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(j).

66. Plaintiff and the FTSA Autodialer Class members revoked any consent they may have provided Defendant by responding with a "stop" or similar opt-out instruction.

67. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls (texts) to be made to Plaintiff and the FTSA Autodialer Class members without Plaintiff's and the FTSA Autodialer Class members' prior express written consent.

68. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the FTSA Autodialer Class members to be made utilizing an automated system for the selection and dialing of telephone numbers.

69. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and the FTSA Autodialer Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

70. Defendant willfully or knowingly violated the FTSA by continuing to text message Plaintiff and the FTSA Autodialer Class members after they asked Defendant to "stop" its solicitations.

71. Accordingly, pursuant to § 501.059(10)(b), Plaintiff, on behalf of Plaintiff and the FTSA Autodialer Class members, seeks $1,500 in damages for each willful and knowing violation of the FTSA.

72. Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An order declaring that Defendant's actions, as set out above, violate the FTSA;

c) An award of statutory damages for Plaintiff and each member of the Classes as applicable under the FTSA;

d) An award of statutory treble damages for Plaintiff and each member of the Classes as applicable under the FTSA;

e) An injunction requiring Defendant to comply with Fla. Stat. § 501.059(5) and § 501.059(8)(a); and

f) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: August 27, 2026

**DAPEER LAW, P.A.**

*/s/ Rachel Dapeer*
Rachel Dapeer, Esq.
Fla. Bar No. 108039
rachel@dapeer.com
520 S Dixie Hwy, #240
Hallandale Beach, Florida 33009
Telephone: 954-799-5914

*Counsel for Plaintiff and the Class*